IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JARED M. TROTTER,

       **Petitioner,**

v.　　　　　　　　　　　　　　　　　　　　Case No. 23-CV-348-JFH-GLJ

STEVEN HARPE,

       **Respondent.**

## OPINION AND ORDER

    Now before the Court are Petitioner Jared M. Trotter's ("Petitioner") Motion for Leave to Supplement [Dkt. No. 21] and Motion for Leave to Supplement Claim on Basis of Relation Back Doctrine [Dkt. No. 22]. For the following reasons, the Court denies the motions.

    Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Okmulgee County, Case No. CF-2017-298. Dkt. Nos. 1, 3. Petitioner brings claims of ineffective assistance of plea counsel, alleging counsel (1) failed to investigate and obtain exculpatory evidence relating to a State's witness and allowed the witness to "lie on the stand during preliminary hearing," and (2) failed to advise Petitioner of an available lesser included offense that might have altered Petitioner's decision to plea *nolo contendere*. Dkt. No. 3, at 2-5. Respondent contends that Petitioner's first argument was never exhausted in state court and is subject to an anticipatory procedural bar and that Petitioner's second argument, while exhausted, is subject to an independent and adequate state procedural bar. Dkt. No. 18, at 23. Petitioner submitted a reply on April 29, 2024. Dkt. No. 20. Petitioner now seeks to introduce additional arguments to this matter.

In his Motion for Leave to Supplement [Dkt. No. 21], Petitioner provides additional arguments and authority challenging Respondent's argument that Petitioner's claims are procedurally barred. He seeks leave to "supplement [his] operative pleading" with these arguments. Dkt. No. 21, at 1, 3-4. Rule 15(d) of the Federal Rules of Civil Procedure governs the supplementation of pleadings and provides, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Because Petitioner's motion provides argument and authority challenging the Response, rather than articulating "post-complaint transactions, occurrences or events," it is not a proper motion to supplement under Rule 15(d). *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001). Petitioner's request to supplement his pleading therefore is denied.[1]

In his Motion for Leave to Supplement Claim on Basis of Relation Back Doctrine [Dkt. No. 22], Petitioner requests leave to add an additional claim of ineffective assistance of counsel to his Petition. He alleges that his counsel was ineffective for failing to file a notice of intent to appeal. Dkt. No. 22, at 1. Based on Petitioner's assertions and the documents attached to his motion, it appears that the claim was unexhausted at the time Petitioner filed his Petition, but that the OCCA has since issued a ruling affirming the state district court's denial of the claim, which was originally raised in Petitioner's most recent state application for post-conviction relief. Dkt. No. 22-1. The Court determines that, though Petitioner styled his request as a "motion for leave to supplement," the motion is more properly construed as a motion to amend his pleading under Rule 15(a)(2). Petitioner cites Rule 15(c)(1), which relates to the amendment of pleadings, and

---

[1] If Petitioner wishes to supplement the arguments in his Reply [Dkt. No. 20], the proper procedural mechanism for this request is a motion brought pursuant to Local Civil Rule 7.1(e).

2

the alleged constitutional deprivation occurred prior to the filing of the Petition. *See Walker*, 240 F.3d at 1278.

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court "may deny leave to amend for the purpose of asserting a new claim if 'it is apparent that such a claim would be futile.'" *Pacheco v. El Habti*, 62 F.4th 1233, 1240 (10th Cir. 2023) (quoting *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994)). Here, amendment would be futile because the claim Petitioner seeks to include was procedurally defaulted in state court.

Federal courts are precluded from "consider[ing] issues on habeas review that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001) (internal quotation marks omitted). The OCCA found that Petitioner was procedurally barred from asserting his claim under "the doctrines of res judicata or waiver." Dkt. No. 22-1. Petitioner does not dispute in his motion the independence or adequacy of the state procedural ground on which the OCCA denied his claim. Nor does Petitioner provide argument demonstrating either "cause for the default and actual prejudice," or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Accordingly, the Court concludes that the claim is procedurally barred and that amendment of the Petition to include the claim would be futile.

Petitioner does assert, "The claim sought to be supplemented is fatal to any affirmative defense of procedural bar or independent and adequate state rule, as cause and prejudice of ineffective assistance of counsel." Dkt. No. 22, at 1. To the extent Petitioner is contending that

the claim would serve as cause to overcome the procedural default of claims previously raised in his Petition, this argument does not overcome the procedural default of the claim he now seeks to add. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)) (explaining that "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted")

IT IS THEREFORE ORDERED that Petitioner's Motion for Leave to Supplement [Dkt. No. 21] and Motion for Leave to Supplement Claim on Basis of Relation Back Doctrine [Dkt. No. 22] are **denied**.

Dated this 10th day of February, 2025.

GERALD L. JACKSON
United States Magistrate Judge