IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JARED M. TROTTER,

    **Petitioner,**

v.                                                                      Case No. 23-CV-348-JFH-GLJ

DAVID ROGERS,[1]

    **Respondent.**

## OPINION AND ORDER

Petitioner Jared M. Trotter ("Petitioner"), a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Okmulgee County, Case No. CF-2017-298. Dkt. Nos. 1, 3. Respondent David Rogers ("Respondent") has filed a response in opposition to the petition, as well as the state-court record [Dkt. Nos. 18, 19]. Petitioner has replied [Dkt. No. 20]. Having considered the parties' arguments and the relevant record, the Court denies the Petition.

## BACKGROUND

This matter pertains to a 2017 boating incident in which a boat driven by Petitioner collided with another boat, causing a fatality. Petitioner was convicted following a plea of *nolo contendere* of manslaughter in the first degree, after former conviction of two or more felonies, occurring while Petitioner was engaged in the commission of a misdemeanor. Dkt. No. 18-1 at 1 (citing

---

[1] Petitioner presently is incarcerated at the Red Rock Correctional Center, in Lawton, Oklahoma. The Court substitutes Red Rock Correctional Center's interim warden, David Rogers, in the place of Steven Harpe, as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

Okla. Stat. tit. 21, § 711).² The Information was pled in the alternative, with the underlying misdemeanor being either: (1) the operation of a vessel while intoxicated, Okla. Stat. tit. 63, § 4210.8, or (2) the operation of a vessel in a reckless manner that endangered the lives and property of others, *id.* § 4210. Dkt. No. 19-1 at 158; Dkt. No. 18-8 at 1; Dkt. No. 18-40 at 1; Dkt. No. 35-1 at 1. The state district court sentenced Petitioner to a thirty-five (35) year term of imprisonment. Dkt. No. 18-1 at 1.

Petitioner filed a motion to withdraw his plea on December 30, 2019, which the state district court denied on June 24, 2020. Dkt. Nos. 18-7, 18-9. Petitioner then filed an application for post-conviction relief on January 4, 2021, alleging the State lacked prosecutorial authority to convict him. Dkt. No. 18-10. This application likewise was denied. Dkt. No. 18-18; Dkt. No. 18-2 at 1 & n.1. Petitioner subsequently filed several applications for post-conviction relief in state court, including an application submitted October 31, 2022, which contains the claims Petitioner now raises before this Court. *See* Dkt. Nos. 18-23, 18-25, 18-38; Dkt. No. 18-4, at 2-41.

Petitioner initiated his federal habeas action on September 11, 2023, by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [Dkt. No. 1] and brief in support [Dkt. No. 3] (collectively, the "Petition"). Petitioner additionally has filed several motions seeking to amend his Petition and receive an evidentiary hearing. Respondent contends Petitioner is not entitled to amendment or an evidentiary hearing and that the claims in the Petition are procedurally barred.

---

² The Court's citations refer to the CM/ECF header pagination.

**PETITIONER'S MOTIONS**

Before turning to the Petition, the Court first addresses the pending motions submitted by Petitioner following the conclusion of briefing.

### I.  Motions to Amend Petition

In June 2024, Petitioner sought leave to amend his Petition with a claim that counsel was ineffective for failing to appeal the state district court's denial of his motion to withdraw his plea. Dkt. No. 22. The Court denied the motion on the basis that amendment would be futile. Dkt. No. 30. Petitioner has since filed three additional motions seeking to amend his Petition. Dkt. Nos. 31, 34, 36; *see* Dkt. Nos. 32, 35 (Briefs in Support).

A petitioner may amend a § 2254 pleading "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see* Rule 12, *Rules Governing Section 2254 Cases in the United States District Courts*. Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Leave to amend may be denied, however, based on "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation marks omitted). Further, this Court's local rules require that "[a]n original proposed amended pleading" must be "signed and submitted with any motion for leave to amend a pleading" in an action brought by an incarcerated person. LCvR 9.2(c).

#### a.  February 25, 2025, Motion to Amend

On February 25, 2025, Petitioner sought leave to amend his Petition to include additional arguments of ineffective assistance of counsel. Dkt. Nos. 31, 32. However, on February 17, 2026, Petitioner moved to strike the motion. Dkt. No. 37. The Court grants Petitioner's "Motion to

3

Strike Motion for Leave to Submit First Amended Complaint Filed 2-25-25" [Dkt. No. 37] and strikes the February 25, 2025, Motion to Amend the Petition [Dkt. No. 31].

### b. October 17, 2025, Motion to Amend

On October 17, 2025, Petitioner filed a motion seeking to assert a claim that plea counsel was ineffective for "failing to challenge improper application of the general felony, First Degree Manslaughter, rather [than] the specific Oklahoma Boating Safety Regulation Act (OBSRA) *63 O.S. § 4210.1* Negligent Homicide as mandated by *21 O.S. § 11*." Dkt. Nos. 34, 35. The Court finds this motion should be denied due to Plaintiff's failure to comply with Local Civil Rule 9.2(c) and undue delay.

First, Petitioner did not submit with his motion a signed proposed amended pleading, as required by local rule. *See* LCvR 9.2(c) (prescribing that, in actions brought by incarcerated persons, "[a]n original proposed amended pleading shall be signed and submitted with any motion for leave to amend a pleading"); *Castanon v. Cathey*, 976 F.3d 1136, 1145 (10th Cir. 2020) (holding "the district court had the discretion to apply the local civil rule requiring a party to attach the proposed amendment when seeking leave to amend the complaint").

Second, the Court finds Petitioner's request to amend should be denied on the basis of undue delay. Petitioner submitted his motion 25 months after filing his initial petition on September 11, 2023. There is no indication Petitioner was "[un]aware of the facts on which the [proposed] amendment [is] based" prior to filing his initial petition, *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987), and Petitioner provides "no adequate explanation for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196 1206 (10th Cir. 2006) (internal quotation marks omitted). A motion to amend should be denied where, as here, "it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to salvage a lost case by untimely

4

suggestion of new theories of recovery, [or] to present 'theories seriatim' in an effort to avoid dismissal." *Id.* (citations and internal quotation marks omitted).

### c. February 9, 2026, Motion to Amend

Finally, on February 9, 2026, Petitioner filed a motion seeking to amend his Petition to include claims of: (1) actual innocence, (2) violation of his constitutional right to equal protection, (3) violation of his constitutional right to due process, and (4) cruel and unusual punishment. Dkt. No. 36. The Court similarly denies this motion due to Petitioner's failure to comply with Local Civil Rule 9.2(c) and undue delay. Petitioner did not submit a signed proposed amended petition with his motion, in contravention of Local Civil Rule 9.2(c). Further, he unduly delayed his request for amendment by waiting 29 months from the filing of his initial Petition, and he fails to provide any explanation for the delay. Both Petitioner's delay and successive attempts to amend his pleading suggest Petitioner is improperly seeking to make his pleading a "moving target." *See Minter*, 451 F.3d at 1206.

## II. Petitioner's Motions for Evidentiary Hearing

Petitioner also has submitted two motions requesting an evidentiary hearing in this matter. On January 6, 2025, however, Petitioner moved to strike his second motion for evidentiary hearing, stating the submission was erroneously mailed by prison officials. The Court therefore grants Petitioner's Motion to Strike [Dkt. No. 29] and strikes Petitioner's Second Motion for Evidentiary Hearing [Dkt. No. 27]. In his initial Motion for Habeas Corpus Evidentiary Hearing [Dkt. No. 25], Petitioner argues that "the claim of ineffective assistance of Trial/Plea Counsel cannot be disposed of by merely the record alone" and that "the State Court failed to conduct an evidentiary hearing." Dkt. No. 25, at 1. Respondent submitted a response [Dkt. No. 26], and Petitioner replied [Dkt. No. 28].

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). As discussed below, Petitioner's claims are either procedurally barred or subject to an anticipatory procedural bar. Petitioner therefore is not entitled to an evidentiary hearing. *See id.* ("[I]f the record refutes the applicant's factual allegations *or otherwise precludes habeas relief*, a district court is not required to hold an evidentiary hearing." (emphasis added)); *Smith v. Aldridge*, 904 F.3d 874, 886 (10th Cir. 2018) (noting that a federal court reviewing a § 2254 petition "can only order evidentiary hearings if the petitioner meets the requirements in *both* §§ 2254(d) and (e)(2)"); *Thacker v. Workman*, 678 F.3d 820, 836 (10th Cir. 2012) ("Because, however, Thacker's [habeas] claim is procedurally barred, the district court did not err in failing to conduct an evidentiary hearing."). Accordingly, Petitioner's Motion for Habeas Corpus Evidentiary Hearing [Dkt. No. 25] is denied.

## LEGAL STANDARD

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotation marks omitted). When a claim has been "adjudicated on the merits in State court proceedings," federal habeas relief may be granted under the AEDPA only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Federal courts, however, are precluded from "consider[ing] issues on habeas review that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001) (internal quotation marks omitted). "To be independent, the procedural ground must be based solely on state law." *Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014) (internal quotation marks omitted). To be adequate, the state procedural ground "must be strictly or regularly followed and applied evenhandedly to all similar claims." *Id.* (internal quotation marks omitted). Where, as here, the State has pleaded the affirmative defense of a state procedural bar, "the burden to place that defense in issue shifts to the petitioner," who must, at a minimum, provide "specific allegations . . . as to the inadequacy of the state procedure." *Hooks v. Ward*, 184 F.3d 1206, 1217 (10th Cir. 1999).

## ANALYSIS

Petitioner asserts in his Petition that he received ineffective assistance of counsel in two respects. First, Petitioner argues that second-degree manslaughter is a lesser-included offense of first-degree manslaughter and that his plea counsel was ineffective for failing to advise him that the purported lesser-included offense could be sought at trial. Dkt. No. 1 at 5; Dkt. No. 3 at 4-5. Second, Petitioner contends his counsel failed to "obtain exculpatory evidence pertaining to the State's witness Michael Lewis . . . , the only evidence placing Petitioner as the driver of the [boat]." Dkt. No. 3, at 2-3. Specifically, Petitioner argues his counsel failed to secure or present evidence supporting Petitioner's theory that Lewis was driving the boat at the time of the collision, rather than Petitioner, including Lewis's history of speeding tickets. *Id.* at 3.

Respondent contends that Petitioner raised the failure-to-advise theory in his October 31, 2022, application for post-conviction relief and that the Oklahoma Court of Criminal Appeals

("OCCA") determined the claim was procedurally barred by Oklahoma's waiver rule. Dkt. No. 18, at 30-31; *see* Dkt. No. 18-4 at 19, 72; Dkt. No. 18-2.  In its order affirming the state district court's denial of the application, the OCCA held: "Petitioner's post-conviction claims either could have been or were raised in a timely direct (certiorari) appeal from his no contest plea or in his previous post-conviction applications.  He has not shown sufficient reason for failing to present or adequately assert these issues in the prior proceedings.  *See* 22 O.S.2011, § 1086." Dkt. No. 18-2, at 3.

As for the failure-to-investigate theory, Respondent contends Petitioner likewise raised the theory in his October 31, 2022, application for post-conviction relief but failed to raise it in the subsequent appeal to the OCCA, rendering the theory unexhausted. Dkt. No. 18 at 27-30; *see* Dkt. No. 18-4 at 16-17.  Respondent then argues the theory is subject to an anticipatory procedural bar because Oklahoma's waiver rule would bar the theory if Petitioner returned to state court to exhaust it.  Dkt. No. 18 at 27-30; *see Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (2007) ("Anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." (internal quotation marks omitted)).

Under the doctrine of procedural default, federal courts do not "address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998); *see Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991).  Under Oklahoma law, a prisoner seeking to appeal a conviction based upon a plea of guilty or *nolo contendere* must file an application to withdraw the plea within ten (10) days of the judgment and sentence, pursuant to OCCA Rule 4.2(A), and must file a petition for writ of

certiorari within 90 days of conviction, pursuant to Okla. Stat. tit. 22, § 1051. "No matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea," OCCA Rule 4.2(B), and matters that could have been raised in the application to withdraw and the petition for a writ of certiorari but were not are waived. *Weeks v. State*, 362 P.3d 650, 657 (Okla. Ct. Crim. App. 2015). This includes claims of ineffective assistance of counsel. In *Hickman v. Spears*, 160 F.3d 1269 (10th Cir. 1998), the Tenth Circuit determined that these procedural rules were "inadequate grounds for denying review of [the] petitioner's ineffective assistance of counsel claim" because "the short time frame in which [a] petitioner [convicted pursuant to a plea of guilty or *nolo contendere*] had to perfect a certiorari appeal . . . did not give him sufficient opportunity to discover and develop his ineffective assistance of counsel claim." *Hickman*, 160 F.3d at 1272.

Accordingly, Petitioner's failure to raise his two theories of ineffective assistance of counsel in his motion to withdraw his guilty plea or in a subsequent certiorari appeal does not appear to preclude federal habeas review. However, Petitioner also neglected to raise the theories in his initial application for post-conviction relief, instead waiting to raise them in what the OCCA construed as Petitioner's third application. *See* Dkt. No. 18-2 at 1; Dkt. No. 18-4 at 16-17; Dkt. No. 18-36 at 11-12. In affirming the state district court's denial of the application, the OCCA held that the claims raised therein "could have been . . . raised in a timely direct (certiorari) appeal from his no contest plea *or in his previous post-conviction applications*." Dkt. No. 18-2 at 3 (emphasis added). Pursuant to Okla Stat. tit. 22, § 1086, any ground for relief not raised in an initial application for post-conviction relief "may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application." The Tenth Circuit "has held that Oklahoma's

9

procedural bar to claims not raised on initial post-conviction review, *including claims of ineffective assistance of counsel*, is independent and adequate." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (emphasis added) (citing *Medlock v. Ward*, 200 F.3d 1314 (10th Cir. 2000) and *Moore v. Reynolds*, 153 F.3d 1086 (10th Cir. 1998)); *see Cannon v. Gibson*, 259 F.3d 1253, 1266 (10th Cir. 2001). The Court is bound by these holdings.[3]

       Petitioner argues that § 1086 is an inadequate state procedural bar to federal habeas review because it "fail[s] to take into account that an inmate may be deprived of direct appeal—or certiorari appeal of a plea—by no fault of his own and be represented by the same counsel in the initial post-conviction application." Dkt. No. 20, at 10. Petitioner cites *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013) in support. In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17. This holding is inapplicable to Petitioner's case because Oklahoma does not require claims of ineffective assistance of plea or trial counsel to be raised for the first time collaterally. *See Hickman*, 160 F.3d at 1272. *Trevino* is likewise inapposite, as it merely extends the holding in *Martinez* to include circumstances in which a state's "procedural framework, by

---

[3] The Tenth Circuit has recognized that "there may be an element of futility in requiring [a] petitioner to present his ineffectiveness claims in his first state post-conviction petition since the OCCA routinely holds such claims procedurally barred if not presented on direct appeal," but the court emphasized that its "prior case law nevertheless requires a petitioner to take this step to present to the OCCA his ineffectiveness claims in the first post-conviction application before presenting those claims to a federal court." *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003) (citing *Cannon*, 259 F.3d at 1266); *see Burnett v. Hargett*, 13 F. App'x 769, 777-78 & n.6 (10th Cir. 2001).

10

reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 569 U.S. at 429. Neither case addresses the adequacy of a state procedural bar to claims of ineffective trial or plea counsel raised in *subsequent* post-conviction applications. The Court therefore finds Petitioner has not demonstrated the inadequacy of the state procedural bar.

Accordingly, the Court's review of Petitioner's claims is foreclosed unless Petitioner can demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," *Coleman*, 501 U.S. at 750, or that the Court's failure to consider his claim "would produce a 'fundamental miscarriage of justice,' on the ground that the petitioner is actually innocent of the charged crime," *Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002). To this end, Petitioner asserts that, had his counsel "filed a notice of intent to appeal [the denial of his motion to withdraw plea] or a post-conviction certiorari appeal out of time, the claims contained in his [subsequent] applications for Post-Conviction Relief would have been properly before the Courts and the subsequent applications never filed." Dkt. No. 20 at 3. However, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim," that must first be raised in state court. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). If the ineffective-assistance claim likewise was procedurally defaulted in state court, it "can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Id.* at 451-53. Petitioner has not done so. *See* Dkt. No. 30. Further, Petitioner cannot claim ineffective assistance of counsel in his initial state post-conviction proceeding as cause for the default under § 1086, both because he submitted the application *pro se* and because "[t]here is no constitutional right to an attorney in state post-

11

conviction proceedings." *Thomas*, 218 F.3d at 1222 (internal quotation marks omitted); Dkt. No. 18-10, at 19, 21.

Petitioner additionally asserts actual innocence to excuse the default of his claims. Dkt. No. 20 at 7-10. To "demonstrate that a fundamental miscarriage of justice would occur if his claim is procedurally barred[,] . . . a criminal defendant must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000); *see Hickman*, 160 F.3d at 1275. "To be credible, a claim of actual innocence requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Fontenot v. Crow*, 4 F.4th 982, 1031 (10th Cir. 2021) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner provided documents he believes tend to show that the other boat owner and occupants held a degree of fault for the accident. Dkt. No. 20 at 15-18. He points specifically to an insurance adjuster's report in which the insurer found, for purposes of its liability determination, that Petitioner was "50-80%" at fault for the accident. *Id.* at 7-8, 15. The insurance adjuster's opinion on degree of fault, however, is not credible evidence of Petitioner's factual innocence, as it does not negate evidence that Petitioner was intoxicated and driving recklessly when the death occurred or that Petitioner's conduct was a "substantial factor in bringing about the death." OUJI-CR 4-60; *see* Okla. Stat. tit. 21, § 711(1); Okla. Stat. tit. 63, §§ 4210, 4210.8. Thus, Petitioner has not shown "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Pacheco v. El Habti*, 62 F.4th 1233, 1241 (10th Cir. 2023) (internal quotation marks omitted).

In sum, Petitioner's two claims of ineffective assistance of counsel either were procedurally defaulted in state court or are subject to an anticipatory state procedural bar, and Petitioner has not demonstrated that the state procedural rule barring this court's review is inadequate. Nor has

Petitioner demonstrated cause and prejudice or a fundamental miscarriage of justice to overcome the default.

## CONCLUSION

Based on the foregoing, the Court denies the petition for a writ of habeas corpus [Dkt. No. 1]. Under Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that the requisite standards have not been met in this case and therefore declines to issue a certificate of appealability.

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. the Clerk of Court shall note on the record the substitution of David Rogers in place of Steven Harpe as party respondent;

2. Petitioner's Motion for Evidentiary Hearing [Dkt. No. 25] is DENIED;

3. Petitioner's Motion to Strike Petitioner's Second Motion for Evidentiary Hearing [Dkt. No. 29] is GRANTED, and Petitioner's Second Motion for Evidentiary Hearing [Dkt. No. 27] is hereby STRICKEN from the record;

4. Petitioner's Motion to Strike "Motion for Leave to Submit First Amended Complaint" filed 2-25-25 [Dkt. No. 37] is GRANTED, and Petitioner's Motion for Leave to Submit First Amended Complaint [Dkt. No. 31] is hereby STRICKEN from the record;

5. Petitioner's Motion for Leave to Amend Petition on Basis of Relation Back Doctrine [Dkt. No. 34], and Motion to Amend [Dkt. No. 36] are DENIED;

6. the Petition for Writ of Habeas Corpus [Dkt. No. 1] is DENIED; and

7. a certificate of appealability is DENIED.

Dated this 2nd day of March, 2026.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE