**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

**JARED M. TROTTER,**

**Petitioner,**

**v.**

**Case No. 23-CV-348-JFH-GLJ**

**DAVID ROGERS,**

**Respondent.**

## OPINION AND ORDER

This matter is before the Court on the Motion to Set Aside, Alter and Amend Order and Judgment under Rule 59(e) [Dkt. No. 40] and Motion for Leave to File Supplemental Brief in Support of Rule 59(e) Motion to Alter or Amend Judgment [Dkt. No. 44] filed by Petitioner Jared M. Trotter ("Petitioner"). For the following reasons, Petitioner's motions are denied.

## BACKGROUND

On March 2, 2026, the Court denied Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Dkt. No. 38. The Court entered judgment that same date. Dkt. No. 39. Petitioner's Rule 59(e) motion was received and filed in this matter thirty-five (35) days later, on April 6, 2026. Dkt. No. 40. Petitioner then sought leave to supplement his motion on May 11, 2026. Dkt. No. 44. Respondent objects to Petitioner's Rule 59(e) motion on the basis that it was not timely filed, even under the prison mailbox rule. Dkt. No. 42, at 1-3.[1] Respondent also argues that, "even assuming this Court were to construe Petitioner's Motion to Alter as filed under Rule 60(b), Petitioner has not marshaled any arguments showing he is entitled to relief under that rule."

[1] The Court's citations refer to the CM/ECF header pagination.

*Id.* at 3-4. Petitioner submitted a reply in support of his Rule 59(e) motion, in which he argues his prison's legal mail system was inadequate. Dkt. No. 43.

**DISCUSSION**

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Cir. P. 59(e). In certain contexts, a prisoner may avail himself of the prison mailbox rule, by which a submission "will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005). A prisoner may establish timely filing under the rule by either: "(1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available; or (2) if a legal [mail] system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." *Id.* at 1166.

Assuming the prison mailbox rule can apply to a habeas petitioner's Rule 59(e) motion,[2] Petitioner has not established timely filing under the rule. Petitioner's deadline to file his motion was March 30, 2026, twenty-eight (28) days after entry of judgment on March 2, 2026. The envelope in which the motion was received, however, is stamped "Apr 02 2026" and "LEGAL MAIL." Dkt. No. 40, at 18. Additionally, Respondent provided the prison's legal mail logs

[2] The United States Court of Appeals for the Tenth Circuit has recognized that the rule applies to a prisoner's notice of appeal, a federal inmate's initial filing of a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, a state prisoner's filing of a habeas petition under 28 U.S.C. § 2254, and a prisoner's civil rights complaint. *See Price*, 420 F.3d at 1164. The Tenth Circuit also has noted that the rule "mirrors precisely the requirements . . . for filing papers related to habeas petitions" under Rule 3(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. *Id.*

demonstrating that the mail was designated as legal mail and delivered to prison authorities on April 2, 2026. Dkt. No. 42 at 3; Dkt. No. 42-1 at 1-2. Thus, the record reflects that Petitioner's prison had a legal mail system and that Petitioner submitted his motion to prison authorities on April 2, 2026, three days after his March 30, 2026, deadline.[3] *See Price*, 420 F.3d at 1165 ("[I]f the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule." (internal quotation marks omitted)). Accordingly, Petitioner's Rule 59(e) motion is untimely even with the benefit of the prison mailbox rule.

In his Reply, Petitioner appears to argue that his prison's legal mail system was inadequate in that he only had access to it on Wednesdays. Dkt. No. 43 at 2. In support, he supplied his prison's law library schedule reflecting that his housing unit is scheduled for the law library on Wednesdays. *Id.* at 6. The document, however, does not establish that Petitioner could utilize the legal mail system only on that day of the week, and such an argument is contradicted by the fact that April 2, 2026, fell on a Thursday. Thus, Petitioner does not convincingly demonstrate that his prison's legal mail system was "inadequate to satisfy the mailbox rule." *Price*, 420 F.3d at 1165.

Moreover, even if the prison's legal mail system had been inadequate to satisfy the mailbox rule such that Petitioner could rely on the alternative mechanism for establishing timely filing, he did not do so properly. If a legal mail system is not available, an inmate may "submit a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the . . . date of deposit with prison officials and attest that first-class postage was pre-paid." *Price*, 420 F.3d at 1165 (alteration and internal quotation marks omitted). In the Rule 59(e) motion's certificate of service,

[3] Petitioner was not entitled to an additional three days under Federal Rule of Civil Procedure 6(d), as the deadline to file a Rule 59(e) motion is "triggered by entry of judgment and not by service of notice." *Heffington v. Sedgwick Cnty. Dist. Ct.*, 214 F. App'x 800, 802 (10th Cir. 2007) (quoting *Parker v. Bd. of Pub. Util.*, 77 F.3d 1289, 1291 (10th Cir. 1996)).

Petitioner "certif[ies]" that the motion "was mailed via United States Postal Service, postage pre-paid" to the Court on March 27, 2026. Dkt. No. 40, at 17. This statement, however, was not notarized or declared under penalty of perjury in compliance with § 1746.[4]

In sum, the record reflects a filing date under the prison mailbox rule of April 2, 2026, which is insufficient to render Petitioner's Rule 59(e) motion timely. Accordingly, Petitioner has not met his burden of demonstrating timely filing of his Rule 59(e) motion, even with the benefit of the prison mailbox rule. *See Price*, 420 F.3d at 1165 (noting the inmate "has the burden of proof on this issue").

Further, though the Court liberally construes Petitioner's filings, his Rule 59(e) motion cannot properly be construed as arising under Rule 60(b). "These two rules are distinct; they serve different purposes and produce different consequences." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). When a pro se litigant files a "self-styled 'motion to reconsider,'" without specifying the rule under which relief is sought, courts typically consider the timing of the motion to determine which rule to apply. *Id.* Even then, if the motion merely "[seeks] to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position," it does not justify relief under Rule 60(b), as "[s]uch arguments are properly brought under Rule 59(e)." *Id.* at 1244.

---

[4] Preceding the certificate of service is a "certificate of verification" under 28 U.S.C. § 1746 attesting that the "foregoing is true and correct." Dkt. No. 40 at 17. Because the certificate of verification applies specifically to the language preceding it, it does not encompass the language in the subsequent certificate of service. Thus, the certificate of verification does not satisfy the prison mailbox rule, which requires a declaration under penalty of perjury specifically as to the date on which the document was given to prison authorities. *Price*, 420 F.3d at 1166 (contemplating "a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 setting forth the date of his deposit in the regular mail system"); *see Yepa v. United States*, No. 20-cv-1092 WJ-KBM, 2021 WL 3077554, at *3 (D.N.M. July 21, 2021) (finding prison mailbox rule requirements had not been met where "the Motion [was] signed under penalty of perjury, [but] the attached declaration regarding the prison mailbox rule [was] not").

Here, Petitioner's motion is styled specifically as a Rule 59(e) motion, and Petitioner addressed only the standard for relief applicable to motions arising under that rule. Dkt. No. 40, at 1 (citing Rule 59(e) legal standard). Further, Petitioner's motion seeks "reconsideration of matters properly encompassed in a decision on the merits" and therefore should be construed, as styled, under Rule 59(e). *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (internal quotation marks omitted) (quoting *Osterneck v. Earnst & Whinney*, 489 U.S. 169, 174 (1989)); *Federated Towing & Recovery, LLC v. Praetorian Ins. Co.*, 283 F.R.D. 644, 651 (D.N.M. May 21, 2012) ("[A] court will not generally treat an untimely rule 59(e) motion as a rule 60(b) motion when the party is seeking 'reconsideration of matters properly encompassed in a decision on the merits' contemplated by Rule 59(e)"); *Wallace v. United States*, 372 F. App'x 826, 831-32 (10th Cir. 2010) (affirming district court's denial of Rule 59(e) motion as untimely and finding "the district court was under no obligation to consider the motion under Rule 60(b)" because it sought relief contemplated only by Rule 59(e)); *see also* Fed. R. Civ. P. 6(b)(2) (prescribing that "[a] court must not extend the time to act" under Rule 59(e)).

Even if this were not so, the only Rule 60(b) provisions that might arguably be triggered by Petitioner's arguments are 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") and 60(b)(6) ("any other reason that justifies relief"), as Petitioner essentially argues that the Court made various legal errors. Relief under Rule 60(b)(1) for "mistake" of a legal nature, however, is not available where, as here, the motion is filed after "the time to file a notice of appeal has expired" (here, April 1, 2026). *Van Skiver*, 952 F.2d at 1244; *see Sindar v. Garden*, 284 F. App'x 591, 596 (10th Cir. 2008) ("[W]hen Rule 60(b)(1) is used to challenge a substantive ruling by the district court, we require that such a motion be filed within the time frame required for filing of a notice of appeal."); *Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1358 (10th Cir. 1985) (noting that "[a]

contrary rule would permit a 60(b) motion to serve as an appeal, which would be untimely otherwise"); Fed. R. App. P. 4(a)(1)(A) (prescribing that a notice of appeal must be filed within 30 days after entry of judgment); *see also Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (explaining that relief under Rule 60(b) "is not properly granted where a party merely revisits the original issues and seeks to 'challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the party's] position'"). Relief under Rule 60(b)(6) similarly is unavailable because Petitioner's arguments regarding purported mistakes would be encompassed, if anything, within the 60(b)(1) category, and the 60(b)(6) category "is restricted to reasons other than those enumerated in the previous five clauses." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotation marks omitted). Nor does Petitioner articulate any "extraordinary circumstances" justifying relief under Rule 60(b)(6). *Van Skiver*, 952 F.2d at 1244-45; *see Sindar*, 284 F. App'x at 596.

As a final matter, the Court finds Petitioner's Motion for Leave to File Supplemental Brief in Support of Rule 59(e) Motion to Alter or Amend Judgment [Dkt. No. 44] should be denied. The motion seeks to "provide additional legal authority and to clarify" an argument contained in Petitioner's Rule 59(e) motion. Dkt. No. 44-1, at 1. The Court has determined, however, that Petitioner's Rule 59(e) motion is untimely, and Petitioner's request to supplement that motion would not alter that determination. Nor do any arguments contained in the supplement alter the Court's analysis or findings articulated above. Thus, supplementation would be futile and the request is denied.

IT IS THEREFORE ORDERED that Petitioner's Motion to Set Aside, Alter and Amend Order and Judgment under Rule 59(e) [Dkt. No. 40] and Motion for Leave to File Supplemental Brief in Support of Rule 59(e) Motion to Alter or Amend Judgment [Dkt. No. 44] are DENIED.

Because reasonable jurists would not debate the correctness of the Court's decision, the Court also denies a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006).

Dated this 16th day of November, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE